CASE NO. 4:26-CV-163

# *EXHIBIT A*

Filed: 1/20/2026 12:00 AM
Michael Gould
District Clerk
Collin County, Texas
By Darcey Bursik Deputy
Envelope ID: 110208379

CAUSE NO. 493-00357-2026

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY, A/S/O RICKY ANDERSON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| *vs*. | § | __________ JUDICIAL DISTRICT |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., | § | |
| Defendants. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF, ALLSTATE INDEMNITY COMPANY, A/S/O RICKY ANDERSON (hereafter, "Allstate" or "Plaintiff"), Plaintiff in the above matter, complaining of Defendants, SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG ELECTRONICS CO., LTD., (collectively referred to as the "DEFENDANTS" or "SAMSUNG"), and for its causes of action would respectfully show the Court as follows:

## DISCOVERY CONTROL PLAN

1. In accordance with TEX. R. CIV. P. 47(c)(1), Plaintiff notes that this case is governed by the expedited action process set out in TEX. R. CIV. P. 169 and states that it is seeking only monetary relief of $250,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Plaintiff seeks minimum damages of $230,000 and maximum damages not to exceed $250,000.

## THE PARTIES

2. Allstate is an insurance company licensed to do business in the State of Texas. It insured a rental home belonging to Ricky Anderson, which is located at 254 McCarley Pl., McKinney,

Copy from re:SearchTX

TX 75071 (the "Residence").

3. Defendant, Samsung Electronics America, Inc., is a corporation that conducts business in the State of Texas. It may be served with process through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201. Please issue a citation for service on the Defendant.

4. Defendant, Samsung Electronics Co., Ltd., is a corporation based in South Korea. It does business in the State of Texas but does not maintain a registered agent for service of process in this State. Therefore, Samsung Electronics Co., Ltd., may be served with process by serving the Secretary of State as the substituted agent for service of process under TEX. CIV. PRAC. & REM. CODE §§ 17.044(a) and (b) at the following address:

Office of the Secretary of State
Statutory Documents Section - Citations Unit
1019 Brazos St.
Austin, Texas 78701

The Secretary of State should be instructed to forward the Petition and citation to Samsung Electronics Co., Ltd., at its home office address, which is its principal place of business:

Samsung Electronics Co., Ltd.
129, Samsung-ro, Yeongtong-gu
Suwon-si, Gyeonggi-do, 16677
Republic of Korea

5. Alternatively, Samsung Electronics Co., Ltd., may be served with process through South Korea's designated Central Authority under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (commonly referred to as the "Hague Convention"). South Korea's Central Authority may serve process on Samsung Electronics Co., Ltd., at:

Samsung Electronics Co., Ltd.
129, Samsung-ro, Yeongtong-gu



Copy from re:SearchTX

Suwon-si, Gyeonggi-do, 16677
Republic of Korea

**III.**

6. Venue is proper in Collin County, Texas, where the loss in question occurred. The Court has jurisdiction over both the parties and the subject matter of this lawsuit. As a proximate result of the fire, Plaintiff incurred damages far in excess of the minimum jurisdictional limits of this Court. The damages suffered include, but are not limited to, damage to Plaintiff's insured's real and personal property, as well as business interruption/loss of rental income losses. Plaintiff seeks to recover maximum damages of $250,000, inclusive of pre-judgment interest, post-judgment interest and court costs.

**FACTS**

7. At all times relevant herein, Defendants were engaged in the business of, inter alia, designing, manufacturing, marketing, selling and/or distributing Samsung brand electric ranges. The particular electric range at issue in this case is Samsung Model No. NE63T8111SS, Serial No. 0HEW7DCNA09526Z, with front mounted heat control knobs. Based on information and belief, one or more of the heat control knobs on the electric range turned ON after accidental/incidental/unintentional contact made with a front mounted control knob by Mr. Anderson's tenant, Jewell Humphrey, likely igniting combustibles sitting on top of the range.

8. On November 4, 2024, Plaintiff's insured's rental home suffered extensive fire and smoke damage as a result of the electric range turning ON following what is believed to be accidental, incidental or unintentional contact with one or more of the front mounted element control knobs by the tenant living in the home, which then set combustibles sitting on top of the range on fire. Following the fire and smoke damage to his rental home, Plaintiff's insured filed a claim under his



Copy from re:SearchTX

homeowner's policy with Plaintiff. Plaintiff adjusted and paid the claim and now brings this suit, as subrogee of its insured, to recover what it paid for damage caused by Defendants' defective product, along with its insured's deductible.

9. Based on information and belief, the Defendants have been aware since at least 2013 that stoves they design, manufacture and/or sell, with front mounted burner control knobs, where a burner/element can be activated by inadvertent or accidental contact with the knobs, pose a fire hazard. The model range at issue in this case was recalled by the Defendants, along with more than a dozen other range models—all with front mounted control knobs. The Consumer Product Safety Commission assigned the Recall No. 24-335.

10. According to information that accompanied the announcement of Recall No. 24-335, the Consumer Product Safety Commission noted that "Samsung has received over 300 reports of unintentional activation of the front-mounted knobs by humans or pets since 2013. These ranges have been involved in approximately 250 fires. At least 18 fires caused extensive property damage. Approximately 40 injuries have been reported, eight of which required medical attention, and there have been reports of seven fires involving pet deaths." The hazard meant to be addressed by the recall was that "front-mounted knobs on the ranges can be activated by accidental contact by humans or pets, posing a fire hazard."

11. Here, Allstate alleges that the tenant living in Mr. Anderson's rental home activated one or more burners on the range, without meaning to or knowing that she did it, by coming into physical contact with one or more front-mounted knobs on the range, causing one or more of them to turn, thereby activating the burners to which each knob was assigned.

12. Based on information and belief, the range installed in Mr. Anderson's rental home, which is believed to be responsible for the property damage being sought by Plaintiff in this case, was



Copy from re:SearchTX

defectively designed, in the following manner:

a. The control knobs for the surface elements/burners extended beyond any other surface on the front of the range which would allow humans or pets to more easily come into accidental contact with the knobs.

b. The control knobs were not positioned so as to restrict access from unintentional/accidental contact.

c. Less force was required to turn the front-mounted control knobs on the model of the range installed in Mr. Anderson's rental home than was typically required on similar ranges, with front-mounted control knobs.

d. Based on information and belief, a front-mounted knob on the model of the range installed in Mr. Anderson's rental home could be turned with just one motion, in contravention of safety-standards, which require a two-step (if not a three step) activation process—meaning at least two distinct motions, such as pushing in and then turning. Three distinct motions before a front-mounted knob would turn would be even safer—i.e., pinching or squeezing the knob, then pushing it in, then turning it.

13. Samsung appears to have acknowledged this defect by writing, on its own website: "The range can be activated unintentionally if sufficient force (pushing and turning) is applied, either by a person or pet in the household. Additionally, in conjunction with its recall of defective stoves, including the model stove installed in Mr. Anderson's rental home, the Defendants offered to provide free knob locks or covers, to prevent accidental activations from occurring.

14. In accordance with TEX. CIV. PRAC. & REM. CODE §82.005, Plaintiff avers that a safer alternative design existed, which was economically feasible (it may have increased the cost of the range by a negligible amount, compared with the safety of the alternative design) at the time the



Copy from re:SearchTX

Defendants manufactured and sold the range to Mr. Anderson. Based on information and belief, the Defendants, if they sought to mount control knobs on the front of their ranges, could have instituted the following safer designs:

a. Insure that the knobs did not stick out to such an extent that made them much more likely to be turned on by accidental/incidental contact;

b. Provide knob locks or covers for use to the range containing front mounted knobs;

c. Insure that it took at least 4 pounds of force to push in a knob before it could turn;

d. Insure that two, if not three, distinct motions were required before a knob could turn; and/or

e. Not mounting the control knobs on the front of the range.

Each of these design changes, would not have cost the Defendants much, if anything, to implement, and would have lessened the likelihood of a burner being turned by incidental/accidental contact with a control knob.

15. Pleading in the alternative, Plaintiff avers that the range installed in Mr. Anderson's rental home was defectively manufactured because Samsung failed to comply with one or more of the following standards concerning the mechanics for how front-mounted control knobs should operate, which collectively suggest that at least two distinct steps be undertaken for control knobs to be turned ON order to activate the burners:

a. Samsung's own internal standards for safe operation/activation of front-mounted burner control knobs;

b. Ignition Handbook, By: Vytenis Babrauskus;

c. Consumer Product Safety Commission, Handbook for Manufacturing Safer Consumer Products (2006);



Copy from re:SearchTX

d. Engineering Ethics and Design for Product Safety, Kenneth L. D'Entremont;

e. Product Safety Management Guidelines, National Safety Council;

f. Safety Through Design, Wayne C. Christensen, Fred A. Manuele;

g. Kitchen Range Fires and Explosions: Usability versus Safety, By Jay Pollack, proceedings of the Human Factors and Ergonomics Society 2019 Annual Meeting.

i. Firefighters Association of the State of New York – RangeSafe Safety Knobs Help Prevent Accidental Stove Fires and Gas Leaks;

j. United States Consumer Product Safety Commission, Contractor Report on Evaluation of Sensor and Control Technologies to Address Cooking Fires on Glass Ceramic Cooktops;

k. United States Consumer Product Safety Commission, Hazard Screening Report, Housewares and Kitchen Appliances, March 2005;

l. Intertek Standards Update Notice, Issued: September 5, 2018;

m. Underwriters Laboratories, Standard for Household Electric Ranges, UL 858, Sixteenth Edition;

n. UL 60730-2-9 Third Edition – Automatic Electrical Controls for Household and Similar Use – Part 2-9: Particular Requirements for Temperature Sensing Controls;

o. 2010 ADA Standards for Accessible Design;

p. Association of Home Appliance Manufacturers, Household Electric Ranges, AHAM ER-1-2007 (Reaffirmation of AMAM ER-1:1992).16. The design and/or manufacturing defects with the range—which caused it to turn on after what is believed to be incidental/accidental contact with a front-mounted knob by Mr. Anderson's tenant—were the direct and proximate cause of Plaintiff's damages, as outlined above, which it is seeking to recover from the Defendants in this case.



Copy from re:SearchTX

## CAUSES OF ACTION

### STRICT LIABILITY

17. Plaintiff pleads, reinstates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

18. As outlined in more detail, above, the electric range failed as a result of manufacturing and/or design defect. Based on information and belief, that design and/or manufacturing defect was present when the electric range left Defendants' possession and/or control and was installed in Plaintiff's insured's rental home.

19. Prior to the date of the incident that is the basis of this suit, Defendants manufactured and/or designed the electric range so as to render it defective, unsafe and/or unreasonably dangerous. Defendants manufactured, designed and/or distributed a product that was unreasonably dangerous for its reasonably foreseeable uses. Defendants breached their duties to manufacture and/or distribute a safe product to Plaintiff's insured.

20. Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of Defendants' duties to design and/or manufacture a product that is reasonably safe for its intended uses and proximately caused the damages suffered by Plaintiff's insured, which are in excess of the minimum jurisdictional limits of this Court.

### NEGLIGENCE

21. Plaintiff pleads, restates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

22. At the time of the incident, Defendants owed a duty to Plaintiff to exercise reasonably prudent and ordinary care in the design and/or manufacture of the electric range installed in Plaintiff's insured's rental home. The Defendants violated this duty by negligently designing and/or



Copy from re:SearchTX

manufacturing the electric range installed in Plaintiff's insured's rental home, as outlined, above, and by failing to act as a reasonably prudent person would have under the same or similar circumstances. Defendants' negligent acts or omissions include, but are not limited to:

a. Failing to manufacture and/or design the electric range in a safe manner;

b. Failing to ensure that the electric range installed in Plaintiff's insured's rental home was manufactured and/or designed in a safe manner;

c. Failing to properly and adequately manufacture and/or design the electric range installed in Plaintiff's insured's rental home;

d. Selling and/or distributing a defective electric range installed in Plaintiff's insured's rental home that subjected Plaintiff's insured and his property to an unreasonable risk of harm;

e. Failing to test the electric range installed in Plaintiff's insured's rental home to ensure it was safe for its intended use;

f. Failing to act as a reasonably prudent person would have under the same or similar circumstances; and

g. Otherwise failing to use due care under the circumstances.

23. Each of the above-referenced acts and omissions, singly or in combination with others, constituted negligence, which directly and proximately caused the damages suffered by Plaintiff, which are far in excess of the minimum jurisdictional limits of this Court.

**BREACH OF EXPRESS AND IMPLIED WARRANTY**

24. Plaintiff pleads, restates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

25. At all times material herein, Defendants expressly and/or impliedly warranted that the electric range installed in Plaintiff's insured's rental home was merchantable and fit for ordinary use. Defendants breached these express and/or implied warranties in one or more of the following respects:

a. Failing to manufacture and/or design the electric range in a safe manner;



Copy from re:SearchTX

b. Failing to ensure that the electric range installed in Plaintiff's insured's rental home was manufactured and/or designed in a safe manner;

c. Failing to properly and adequately manufacture and/or design the electric range installed in Plaintiff's insured's rental home;

d. Selling and/or distributing a defective electric range installed in Plaintiff's insured's rental home that subjected Plaintiff's insured and his property to an unreasonable risk of harm;

e. Failing to test the electric range installed in Plaintiff's insured's rental home to ensure it was safe for its intended use;

f. Failing to act as a reasonably prudent person would have under the same or similar circumstances; and

g. Otherwise failing to use due care under the circumstances.

26. Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of the above express and/or implied warranties. As a direct and proximate result, Plaintiff suffered damages, which are far in excess of the minimum jurisdictional limits of this Court.

**MALFUNCTION THEORY/RES-IPSA LOQUITUR**

27. Plaintiff pleads, reinstates and realleges the previous paragraphs above as if set forth fully herein and would further show the Court the following:

28. Plaintiff's insured did nothing to cause the malfunction of the electric range he purchased. The electric range would not have malfunctioned but for Defendants' negligence in designing and/or manufacturing the unit. Plaintiff pleads for recovery under both malfunction theory and *res ipsa loquitur*.

**PRAYER**

29. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendants, which is far in excess of the minimum jurisdictional limits of this Court,



Copy from re:SearchTX

for compensatory and/or economic damages, including, but not limited to, damages for real and personal property and additional living expenses, cost of repair, costs of court, and pre- and post-judgment interest at the highest rate allowed by law, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Date: January 19, 2026.

Respectfully submitted,

/s/ Paul Vigushin
______________________________________

PAUL VIGUSHIN
State Bar No. 00797600
**LAW OFFICES OF PAUL VIGUSHIN, P.C.**
2201 N. Central Expy., Ste. 115
Richardson, TX 75080
(972) 705-9911 (tel.)
paul@pv-law.com
**ATTORNEY FOR PLAINTIFF**



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Vigushin on behalf of Paul Vigushin
Bar No. 00797600
paul@pv-law.com
Envelope ID: 110208379
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description: Plaintiff's Original Petition
Status as of 1/20/2026 9:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Paul Vigushin | | paul@pv-law.com | 1/19/2026 3:46:36 PM | NOT SENT |

Copy from re:SearchTX